**Wallace REESE, Plaintiff–Appellant,**

v.

**STATE OF MICHIGAN FAMILY INDEPENDENCE AGENCY, Defendant–Appellee.**

No. 01–2230.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MARTIN, Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

Wallace Reese, a Michigan plaintiff proceeding pro se, appeals a district court judgment in favor of the defendant in his employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Reese began working as an Assistant Payment Worker in the Wayne County office of the Family Independence Agency (FIA) in 1984. He has worked in that office until the present time, except for approximately 1½ years in the Albion FIA office. In April 1997, Reese was promoted to the position of Family Independence Specialist (FIS) and continues working in that capacity. Reese requested a lateral transfer to an FIS opening in the Jackson County FIA office in December 1999. Six persons were interviewed for the three positions available and, on December 13, 1999, Reese was notified that he did not receive the transfer. Instead, those positions went to two Caucasian females and a Hispanic female. On February 2, 2000, Reese filed a charge of discrimination based on his race (African–American) and gender with the Equal Employment Opportunity Commission (EEOC). The EEOC issued him a right to sue letter on June 6, 2000. Reese then timely filed the instant complaint.

In his Title VII complaint, Reese alleged that the defendant agency discriminated against him because of his race and gender when they denied him the requested lateral transfer and awarded the positions to less qualified individuals.

The district court granted the defendant's motion for summary judgment in an opinion and judgment entered on August 6, 2001. After noting that Reese did not respond to the motion for summary judgment, the district court examined the record and concluded that Reese had failed to establish a prima facie case of discrimination. The court found that the denial of a request for a lateral transfer is not an adverse employment action for the purposes of Title VII. Reese's motion for reconsideration was denied in an order entered on August 27, 2001.

On appeal, Reese argues that he timely responded to the motion for summary judgment and complains that the district court did not rule on the issues of race and gender discrimination.

Upon review, we affirm the district court's judgment for the reason stated

therein. This court reviews *de novo* a district court's grant of summary judgment. *Strouss v. Michigan Dep't of Corr.,* 250 F.3d 336, 341 (6th Cir.2001). "Summary judgment is appropriate if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Id.* In reviewing the district court's judgment, this court construes the evidence and all inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Id.* However, " '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

To establish a prima facie case of employment discrimination, Reese must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly-situated white employees. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992). Reese claims race and gender discrimination. He is clearly a member of a protected racial class. Whether he is also a member of a protected gender in this instance need not be determined because, as found by the district court, Reese cannot establish the second element of a prima facie case.

This court has adopted the same factors for determining a materially adverse employment action in age, disability, and racial discrimination cases:

"[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."

*Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir.1999) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana,* 993 F.2d 132, 136 (7th Cir.1993)); *see also Bowman v. Shawnee State Univ.,* 220 F.3d 456, 461–62 (6th Cir.2000). Under this standard, "*de minimis* employment actions are not materially adverse and, thus, not actionable." *Bowman,* 220 F.3d at 462.

Reese admits that he has suffered no loss of pay, benefits, or title and no change in responsibilities. Instead, his reason for requesting the transfer was to work closer to his new home; he currently commutes 185 miles per day round trip to work at the Wayne County FIA office. However, this court has held that "purely personal reasons for turning down a transfer are not sufficient to render a transfer an adverse employment action." *Strouss,* 250 F.3d at 343 n. 2. The district court did not err in concluding that, conversely, purely personal reasons for *requesting* a transfer are not sufficient to render its *denial* an adverse employment action.

Finally, Reese argues that he did, in fact, respond to the defendant's motion for summary judgment. However, that argument is immaterial to the determination of this case. The district court noted that Reese did not attach a copy of his response to his motion for reconsideration and did not even summarize the arguments supposedly made in that response. Furthermore, it is indeed difficult to imagine how any such response could have overcome

the fatal flaw in Reese's case: the lack of a materially adverse employment action.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.